## McLOUTH *v.* MYERS.

*(Supreme Court, General Term, Fifth Department.* October 23, 1891.)

1. JUSTICES OF THE PEACE—DISQUALIFICATION.

The affidavit of defendant that a few days before the action was commenced she received a letter signed by C., the justice who issued the summons against her, and who was also a practicing lawyer, stating that plaintiff had left with him an account of $50 against defendant for collection, and unless it was settled plaintiff would feel obliged to bring an action to enforce its collection, does not show that the account was left with him as an attorney, and it will not be presumed that he was acting as an attorney in writing.

2. SALE TO MARRIED WOMAN—EVIDENCE.

In an action for the price of cows alleged to have been sold to a married woman it appeared that she owned the farm where they were delivered; that she was lame, and that her husband assisted her in the management of her affairs; that plaintiff negotiated personally with her about selling the cows to her; that she told plaintiff her husband would go and look at them; that she accompanied her husband to plaintiff's place, but remained in her wagon while her husband looked

at them; that he promised to call again; that plaintiff again saw defendant, who referred him to her husband, who agreed to consult his wife, and who in a day or two again called on plaintiff, when a sale was agreed on, and the cows were delivered. *Held*, that the evidence warranted the jury in finding that defendant authorized her husband to purchase the cows for her.

3. CONTRACT—EVIDENCE OF VALUE.
    There being no contention as to what the contract was, the admission of evidence as to the value of the cows was harmless.

Appeal from Cattaraugus county court.

Action by Lawrence E. McLouth against Mary E. Myers for the contract price of two cows. From a judgment affirming the judgment of a justice of the peace in favor of plaintiff, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and LEWIS and MACOMBER, JJ.

*C. D. Van Aernam,* for appellant. *A. & G. E. Spring,* for respondent.

LEWIS, J. The action was brought to recover pay for two cows alleged to have been sold by the plaintiff to the defendant at the agreed price of $50. The defense was a general denial, and also a breach of warranty. The case was tried before a jury in the justice's court. The plaintiff had a verdict for $50. The defendant appealed upon questions of law to the county court. The judgment below was affirmed, and the defendant appeals to this court. On the return of the summons, the defendant presented to the justice her affidavit, which stated that a few days before the commencement of the action she received a letter signed by H. R. Curtis, the justice who issued the summons against her, stating that the plaintiff had left with him an account of $50 against defendant for collection, and unless it was settled the plaintiff would feel obliged to bring an action to enforce its collection; that Curtis is a practicing lawyer, and also a justice of the peace, and that, the account not being paid, Curtis, as such justice of the peace, issued and caused to be served the summons in the action for the collection of the demand; that she presented the affidavit "for the purpose of raising the question of the ineligibility of said H. R. Curtis to sit in this action to hear or decide the same, by reason of his having acted as attorney and counsel in this matter for the plaintiff before this action was brought." The justice proceeded with the case. The plaintiff claims that the justice erred in not dismissing the action. The justice and the parties all resided in the same town. All the affidavit established was that the plaintiff handed the claim to the justice, and requested him to notify the defendant that it had been left to be sued, if not paid within the time stated. There is nothing showing that the account was left with Curtis as an attorney for collection, or that any statement was made to him of the facts of the case. We are not at liberty to assume, because Curtis was a lawyer as well as a justice, that he was acting in the capacity of attorney when he received the account and wrote the letter, without further evidence than that furnished in this affidavit. If presumptions are to be indulged in, we assume that a gentleman who is counselor of this court, and who has been selected by his neighbors to discharge the duties of a justice of the peace, has not been guilty of improper and unprofessional conduct. We fail to find any evidence in the case of any bias on the part of the justice.

As to the main question litigated, were the cattle sold to the defendant, we find abundant evidence to sustain the verdict of the jury. The defendant owned the farm. She was lame, going about upon crutches. Her husband, to some extent, assisted her in the management of her affairs. The plaintiff negotiated with the defendant personally about selling the cows to her. She told the plaintiff that her husband would go up and look at them. She accompanied her husband to plaintiff's place to examine the cows. The defendant's husband looked at them, defendant remaining in her wagon. He promised to call again. The plaintiff again saw defendant about the sale of the cows. She referred him to her husband. Her husband agreed to consult his

wife, and, in a day or two, he called upon the plaintiff. A sale was agreed upon for the sum of $50, and plaintiff delivered the cows at defendant's farm. A witness testified that a short time thereafter defendant stated that she had purchased the cows of plaintiff for $50, and she thought she had made a good trade. The defendant controverted the plaintiff's evidence, but we think there was sufficient evidence to warrant the jury in finding that the defendant authorized her husband to purchase the cows for her.

While the evidence of the plaintiff as to the value of the cows was incompetent, it was harmless, as there was no contention as to what the bargain was; the cows were purchased at a price agreed upon, $50; and the complaint was upon an agreement to pay a sum stated. The defendant failed to prove a warranty of the cows. The verdict of the jury is fully sustained by the evidence, and the judgment appealed from should be affirmed, with costs of the appeal against the appellant. All concur.